**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

**AROMATICA GLOBAL, INC.,**

      Plaintiff,

v.

**META PLATFORMS, INC. d/b/a FACEBOOK**
**and INSTAGRAM,**

Serve at:
      Reg. Agt. CSC Lawyers Incorporating
      Service Company
      221 Bolivar St.
      Jefferson City, MO 65101

      Defendant.

Case No. 4:22-cv-00634

**JURY TRIAL DEMANDED**

**COMPLAINT FOR CONTRIBUTORY TRADEMARK INFRINGEMENT AND**
**CONTRIBUTORY FALSE ADVERTISEMENT**

COMES NOW Plaintiff Aromatica Global, Inc. ("Plaintiff"), by and through its undersigned counsel, and states for its Complaint against Defendant Meta Platforms Inc., d/b/a Facebook and Instagram ("Defendant") the facts set forth below.  Plaintiff demands a jury trial on all causes of action against Defendant.

**SUMMARY OF THE ACTION**

1.      This is an action for contributory trademark infringement and contributory false advertising under the Lanham Act.

2.      When non-party Korea-based "aromatica.global" created Facebook and Instagram profiles which directly infringed on Plaintiff Aromatica Global, Inc.'s federally-registered trademarks, Plaintiff requested that Defendant stop supplying the infringer with the infringing accounts.  Defendant, now with actual knowledge of Plaintiff's trademark and infringement

chose to protect the infringing entity's use of Facebook and Instagram to perpetuate the infringement.

## THE PARTIES AND THE MARK

3.      Plaintiff is a domestic entity.  Plaintiff is a fragrance company with its principal place of business in Poplar Bluff, Missouri; Plaintiff does business and sells products throughout the United States and around the world.

4.      Plaintiff is the owner of the trademark "Aromatica Global," Registration Number 5,870,073 (the "Mark").  Plaintiff applied for registration of the Mark on April 4, 2017, and the Mark was registered on September 24, 2019.

5.      Registration of the Mark on the Principal Register with the United States Patent and Trademark Office constitutes prima facie evidence of the Mark's validity and is conclusive evidence of Plaintiff's rights to the Mark in commerce.

6.      Plaintiff has used the Mark continuously and publicly to promote and sell its skin care products since 2017.  Plaintiff has invested significant resources in promoting its business with the Mark over the course of several years.

7.      Defendant is a Delaware corporation registered to do business in Missouri under charter no. F01095515, with its principal place of business in Menlo Park, California.

8.      Defendant operates the popular social media platforms "Facebook," and "Instagram," which are at issue in this suit.

9.      Upon information and belief Non-Party Aromatica is a South Korean entity that continues to infringe on Plaintiff's Mark through its Facebook and Instagram accounts, as well as through other online platforms and websites in order to sell its branded cosmetic products.

**JURISDICTION AND VENUE**

10.     The Court has original subject matter jurisdiction over this controversy pursuant to 15 U.S.C. Section 1114 and 28 U.S.C. Sections 1331 and 1338 because Plaintiff's claims arise under the Lanham Act, specifically 15 U.S.C. Sections 1114(1) and 1114(2).

11.     Defendant is subject to personal jurisdiction in Missouri because Defendant conducts business in Missouri, because Defendant committed the tortious and illegal acts referenced herein in Missouri, and because Plaintiff suffered harm from Defendant's tortious and illegal acts in Missouri.

12.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because the events giving rise to the claims occurred in this District.   Defendants engaged in trademark infringement and other Lanham Act and violations in this District.

**FACTS COMMON TO ALL COUNTS**

13.     Plaintiff is a global wholesale and retail developer, manufacturer, and seller of fragrance-based products which take their inspiration from the life and cultures of our world's holidays, friends, and family.  Plaintiff's products currently include candles, oils, potpourri, and wax melts.

14.     Plaintiff, at all times relevant, has supported the Mark with extensive online advertising.

15.     Plaintiff, utilizing the Mark, has built up substantial goodwill among consumers in its various markets.

16.     Plaintiff routinely seeks to enhance and expand marketing for its brand and products.

17.     Non-Party Aromatica began using Plaintiff's Mark to "palm off" its own brand

and products as Plaintiff's, and thus to capitalize on Plaintiff's popularity and goodwill.

18.    Non-Party Aromatica continues to use Defendant's websites and other resources to sell products similar to Plaintiff's products throughout the United States.

19.    Plaintiff has been damaged by Defendants' use of the Mark such that:

    a.  Plaintiff has lost customers and revenue and goodwill due to Defendant's website;

    b.  Plaintiff has continued to make substantial expenditures promoting the Mark and Plaintiff has not gotten the benefit of those expenditures;

    c.  Plaintiff has been forced to spend significant sums of money in an effort to reclaim its Mark from Defendant; and

    d.  Plaintiff has not received the benefit of substantial expenditures it made to acquire the Mark.

*THE FACEBOOK PAGE*

20.    As part of its marketing efforts, Plaintiff created a Facebook page called "Aromatica Global" on or about December 22, 2017, which can be found at https://www.facebook.com/Aromatica-Global-925577107600090/. Plaintiff has continually maintained this page since its creation.

21.    Sometime in 2021, Plaintiff became aware of a competing Facebook page operated by Non-Party Aromatica which is now called "Aromatica," but which has at different times been known as "Aromatica," "AROMATICA Global," and "Aromatica Global."

22.    Facebook's "Page transparency" feature indicates that this page's manager is located in South Korea.



23.    On or about September 17, 2021, Plaintiff completed Facebook's "Copyright Report Form," provided Facebook with Plaintiff's trademark registration number, and sought to have the infringing account either removed from Facebook, or to have access to the account transferred to Plaintiff.   Plaintiff then exchanged several emails with Facebook employees regarding Plaintiff's ownership of the Mark, and provided all of the information necessary for Facebook to confirm Plaintiff's ownership of the Mark.

24.    Facebook terminated its communications with Plaintiff by sending the following message, and refused to further communicate or take any action despite multiple requests from Plaintiff:

On 2021-11-16 08:58, Facebook wrote:
> Hi,
>
> Thanks for contacting us. Based on the information you've provided, we
> are unable to give you the username you've requested at this time.
>
> The reported username does not go against our policies, and it isn't
> clear to us that this username infringes your trademark rights.
> Specifically:
> It looks like you have trademark rights in the US while the reported
> party's content appears to be from another country.
> It appears that the content you've reported has been using this term
> or phrase before your claimed trademark application date.
>
> If you have not already done so, you may wish to contact the account
> holder to resolve your issue with them directly.
>
> Thanks,
>
> Cliff
> Facebook
>

25.     Facebook thus chose to continue providing its services to users who it knew or should know are actively engaged in palming off their own brand and products as Plaintiffs and, in so doing, are infringing upon Plaintiff's Mark.

26.     Facebook continues to host the infringing account.

*THE INSTAGRAM PAGE*

27.     At approximately the same time that Plaintiff learned of the Facebook page, Plaintiff also learned of an Instagram page apparently operated by the same infringing party.

28.     The Instagram page is entitled "aromatica.global."



29.     On September 17, 2021, Plaintiff filled out Instagram's Copyright Report Form, which was substantially similar to Facebook's form.

30.     Plaintiff provided the same information to Instagram that it provided to Facebook.

31.     Instagram initially indicated that it would transfer control of the infringing page to Plaintiff, and requested that Plaintiff create an account on Instagram with a temporary username so that Instagram could "look into this matter further."

\>> Hi,

\>>

\>> Thanks for contacting us. Before we can transfer the username to you,

\>> you'll need to create an account on Instagram with a temporary

\>> username.

\>>

\>> After you create your account, please respond to this message with

\>> your temporary username. Once we have received this information, we

\>> can look into this matter further.

\>>

\>> Thanks,

\>>

\>> Isla

\>> Instagram

\>>

32.     Plaintiff created the account and reported to Instagram as requested.  Instagram then requested Plaintiff's trademark registration number, which Plaintiff provided.  Instagram never responded to Plaintiff.

33.     Instagram thus chose to continue providing its services to users who it knew or should know are actively engaged in palming off their own brand and products as Plaintiffs and, in so doing, are infringing upon Plaintiff's Mark.

34.     Instagram continues to host the infringing account.

**COUNT I – CONTRIBUTORY TRADEMARK INFRINGEMENT**

35.     Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

36.     Non-party  Aromatica used and continues to use Plaintiff's Mark to advertise fragrances and cosmetic products on Defendants' platforms.

37.     Plaintiff's Mark is a valid, protectable trademark as recognized by Plaintiff's USPTO Registration.

38.     Confusion between Plaintiff's brand and products and Non-Party Aromatica's brand and products is likely because Non-Party Aromatica uses Plaintiff's Mark to promote its own brand and products.

39.     Defendant intentionally induced Non-Party Aromatica to commit the infringement because Defendant gave the infringer safe harbor on its platforms.

40.     Defendant supplied and continues to supply access to its platforms via infringing page names to the infringer despite knowing or having reason to know from Plaintiff's previous contact with Defendant that Non-Party Aromatica's pages are directly infringing on Plaintiff's trademark.

## COUNT II – CONTRIBUTORY FALSE ADVERTISING

41.     Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

42.     Non-party  Aromatica used and continues to use Plaintiff's Mark to advertise fragrances and cosmetic products on Defendants' platforms.

43.     The statements made by Non-Party Aromatica actually deceived or have the tendency to deceive a substantial segment of the platforms' audience because they make direct use of Plaintiff's Mark to advertise Non-Party Aromatica's brand and products.

44.     The deception is material and thus likely to influence the purchasing decision given the goodwill associated with Plaintiff's Mark.

45.     Using Defendant's platforms Non-Party Aromatica was able to inject its infringement into interstate commerce..

46.     Plaintiff has lost both sales and goodwill as a result of the infringing use of the Mark.

47.     Defendant knowingly induced and materially participated in the infringer's conduct by allowing the infringer to use Plaintiff's on Defendant's platforms, even after Plaintiff provided all information necessary to verify its ownership of the Mark.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in its favor, and that the Court specifically find that Defendant engaged in contributory trademark infringement and contributory false advertising in violation of the Lanham Act.  Plaintiff respectfully requests the Court enter judgment that Defendant acted willfully with respect to all violations of federal law.

Plaintiff respectfully requests that the Court permanently enjoin Defendant from allowing anyone other than Plaintiff to use the Mark or a name confusingly similar to the Mark, to use the mark for any purpose, and from infringing on Plaintiff's rights in the Mark.

Plaintiff respectfully requests that the Court require Defendant to provide an accounting to Plaintiff of all monies gained from the use of the Mark and all profits earned since the start of Non-Party Aromatica's use of the Mark.

Plaintiff respectfully requests that the Court award it actual damages in an amount to be determined at trial, that the Court award Plaintiff three times the amount of its actual damages, Defendant's profits over the period Defendant improperly allowed the use of Plaintiff's Mark by others, the costs of this action, attorneys' fees, and such other amounts as the Court deems just pursuant to 15 U.S.C. Section 1117(a).

Plaintiff respectfully requests that the Court award it three times the amount of Defendant's profits or Plaintiff's damages, whichever is greater, together with a reasonable attorneys' fee and prejudgment interest pursuant to 15 U.S.C. Section 1117(b).

Plaintiff respectfully requests that the Court award it statutory damages of not less than $1,000 or more than $200,000 per counterfeit mark per type of good or service sold or offered for sale, or if the Court finds Defendant's use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold or offered for sale pursuant to 15 U.S.C. Section 1117(c).

Plaintiff respectfully requests that the Court award it compensatory damages, injunctive relief, and economic damages pursuant to 18 U.S.C. Section 1030(g).

Plaintiff respectfully requests all such other and further relief that the Court deems proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**VOYTAS LAW, LLC**

By:     /s/ Richard A. Voytas, Jr.
        Richard A. Voytas, Jr., #52046
        David A. Weber, #70409
        7321 S. Lindbergh Blvd., Suite 101
        St. Louis, MO 63125
        Phone: 314.380.3166
        Email: rick@voytaslaw.com
                david@voytaslaw.com

*Attorneys for Plaintiff*